IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

vs.                                            Case Nos.:        1:09cr31/MW/GRJ
                                                                 1:18cv23/MW/GRJ
OCTAVIUS LEE DURDLEY
      Reg. No. 20647-017

## REPORT AND RECOMMENDATION

This matter is before the court upon Petitioner Octavius Lee Durdley's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and supporting memorandum of law. (ECF No. 125.) Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any attached exhibits and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."  After a review of the record, the Court concludes that the motion is untimely and therefore it should be summarily dismissed.

## BACKGROUND and ANALYSIS

Octavious Lee Durdley was convicted after a jury trial of receipt or distribution or attempted receipt or distribution of child pornography ("Count One"), and possession of child pornography ("Count Two").   (ECF No. 53.) Durdley continued to deny his guilt of the offense conduct, and even his father said at sentencing that Durdley did not think he had done anything wrong.   (ECF No 82, PSR ¶ 25; ECF No. 103 at 13, 17-18.)[1]   The applicable advisory guidelines range was 210 to 262 months, but there was a 240-month statutory maximum sentence on Count One and 120 months as to Count Two.   (ECF No. 82, PSR ¶¶ 70, 71.)   The district court noted Durdley's limited criminal history and low risk of recidivism and imposed a below guidelines term of 136 months on Count One and 120 months on Count Two.   (ECF No. 103 at 24; ECF Nos. 76, 77.)

Durdley appealed and the Eleventh Circuit affirmed his convictions on September 12, 2011.   (ECF No. 119.)

Nothing further was filed until the clerk received a letter from Durdley in July of 2016 requesting a copy of his Presentence Investigation Report.

---

[1] Durdley now admits that he "downloaded no more than 300 to 375 separate downloads of the images or movies onto [his] computer in 19 CDs."   (ECF No. 125 at 31.)

(ECF No. 121.) The clerk responded, advising Durdley that this was a confidential document and he should contact his attorney. (ECF No.122.) Durdley retained an attorney who made the same request in February of 2017. (ECF No. 123.)

Durdley's § 2255 motion, dated December 30, 2017, was received by the clerk on January 30, 2018. (ECF No. 125.) He claims that the motion is timely because:

> I saw and reviewed my Presentence Report for the first time in February 2017, when my new attorney gat (sic) a copy of it and reviewed it with me. I could not have known of the issues I am currently raising before that time.

(ECF No. 125 at 11.)

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized

> by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Durdley filed his motion more than six years after the Eleventh Circuit issued its mandate on his appeal. Therefore, it is facially untimely.

Unless Durdley establishes his entitlement to equitable tolling, his motion is time barred. *Jones v. United States*, 304 F.3d 1035, 1038 (11th Cir. 2002) (citing *Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000)). Equitable tolling is appropriate when a § 2255 motion is untimely because of "extraordinary circumstances that are both beyond [the defendant's] control and unavoidable even with diligence." *Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) (citing *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999)). Otherwise stated, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland v. Florida*, 560 U.S. 631, 649

Case Nos.: 1:09cr31/MW/GRJ; 1:18cv23/MW/GRJ

(2010) (citation omitted); *Hutchinson v. Florida*, 677 F.3d 1097, 1100 (11th Cir. 2012).   It only applies in "truly extraordinary circumstances." *Johnson*, 340 F.3d at 1226 (citing *Jones*, 304 F.3d at 1039–40; *Drew,* 297 F.3d at 1286).   The onus is on the moving defendant to show that he is entitled to this extraordinary relief.   *Johnson*, 340 F.3d at 1226, *Jones,* 304 F.3d at 1040.   The court will not relieve a petitioner who has sat upon his rights.   *United States v. Cicero*, 214 F.3d 199, 203 (D.C. Cir. 2000) (citing *Coleman v. Johnson*, 184 F.3d 398, 402-03 (5th Cir. 1999)).

There is nothing in the instant motion to suggest that Durdley is entitled to invoke the doctrine of equitable tolling.   The first indication that he sought a copy of his Presentence Investigation Report was in July of 2016, nearly five years after the Eleventh Circuit affirmed his conviction. (ECF No. 121.)   It is likely true that counsel did not obtain and provide him with a copy until February of 2017.   However, Durdley's own delay in seeking a copy of his report does not demonstrate the exercise of due diligence.   Furthermore, Durdley's assertion that he did not see his PSR until February of 2017 is contradicted by his assurance to the court at sentencing that he and his lawyer had read the Presentence Report and

Case Nos.: 1:09cr31/MW/GRJ; 1:18cv23/MW/GRJ

addendum. (ECF No. 103 at 2.) Durdley has not shown that he is entitled to equitable tolling, and his motion should be denied as untimely.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation

Case Nos.: 1:09cr31/MW/GRJ; 1:18cv23/MW/GRJ

by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The motion to vacate, set aside, or correct sentence (ECF No. 125) should be summarily **DENIED and DISMISSED** as untimely.

2. A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 5th day of February, 2018.

*/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.   A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 1:09cr31/MW/GRJ; 1:18cv23/MW/GRJ